OPINION of the Court, by
Judge OwsIey.
--This was a joint action brought against the appellant and three others on a joint and several obligation executed by them. The process was served previous to the March term 1812, on the appellant, and Hendly, one other of the obligors, but not in time on the appellant to authorise a judgment at that term. A judgment by default was then taken against Hendly, on whom the process had been served in time, and the cause continued as to the appellant. At the June term judgment by default was also taken against the appellant; from which he has prosecuted this appeal.
Two questions are presented for consideration in the determination of this cause. 1st, Was it regular to proceed to take judgment against Hendly at the March term ? And if it Was not, 2d, does that irregularity vitiate the subsequent proceedings and judgment against the appellant ?
Were the obligation upon which the action was brought joint only, arid not several, by the repeated and concurrent decisions of this court, judgment should not have been taken at the March term against Hendly. In ^stich a case’, the contract being joint, no other but a joint Action could be maintained, and consequently the judgment and execution should conform to the action and be joint likewise. But as in the case of a joint contract the Atetion must conform to the nature of the obligation, so in the case of a joint and several obligation, each being Ifound separately as well as jointly for the whole, the action may in conformity to the agreement be brought jointly against all, or separate actions may be maintained *296 against each. If, however, in the latter case the obli-gee elects to proceed jointly, his action must partake of the nature of other joint actions brought on joint obligations, and proceed subject to the same rules and consequences. As, therefore, the taking judgment against, Hendly, if on a joint bond would have been irregular, so in the present case as the plaintiff in the court below proceeded against all the obligors jointly, it was irregular to take judgment against the one, under the existing state of preparation as to the other.
If then we are correct in the position that the judg- < ment against Hendly was irregtilar, the answer to the second question necessarily follows m the affirmative, that the subsequent proceedings against the appellant are also erroneous : for if the judgment must pursue the nature of the action, the same reason that forbids the taking a separate judgment against Hendly, requires that such a judgment should not have been entered against the appellant.
The judgment must therefore be reversed with.costs, the cause remanded and the action as to the appellant dismissed.